WILLIAM H. SYMONDS *vs.* AMAZIAH MAYO.

Where a submission to arbitration is first made verbally, and afterwards another is made in writing, the latter supersedes the former.

THIS was originally an action of trespass for an injury to the plaintiff's property by the defendant's horse, and tried in the court of common pleas. In that court the plaintiff was allowed to amend his writ, by striking out the original counts, and filing new ones in assumpsit upon an award. The plaintiff, at the trial, to support his action, called H. Morris, Esq. who testified that the parties, soon after the accident, came before him and had several hearings upon the question of the defendant's legal liability for the same; and that, when they first came before him, they had verbally agreed to submit the question of the amount of damages to David Smith and Samuel Smith, who had examined the property injured and had agreed on the amount. There had been two hearings before Mr. Morris, before the agreement to refer the legal liability of the defendant to him was signed by the parties. The hearing before him was then adjourned to a subsequent day, on which he reduced his opinion to writing, concluding as follows: " I therefore give it as my decision that Mr. Symonds is entitled to recover of Mr. Mayo the amount of damage sustained by him, as the same has been ascertained in the mode agreed upon by the parties."

There was a conversation between the plaintiff and defendant, when Mr. Morris gave his decision about the payment of the damages; but he could not recollect that a distinct request was made by the plaintiff of the defendant to pay the amount, but the latter objected to the manner in which the two Smiths had arrived at the same, on the ground, that they had estimated damages to property of the plaintiff that had not been injured by the defendant's horse; that the damages were too high; and he objected to paying the amount. There was a conversation between the parties about having another appraisal, and after some time they agreed thereupon,

and selected three persons to fix the appraisal, namely, Ed‹ mund Freeman, James Loomis, and G. A. Kibbe.   Mr. Morris thereupon altered the conclusion of his award, by the assent of the parties, so as to read as follows: " I therefore give it as my decision, that Mr. Symonds is entitled to recover of Mr. Mayo, the amount of damage sustained by him as the same may be ascertained;" and then delivered it to the parties, who then left the office of Mr. Morris with the understanding that another hearing was to be had.   No other hearing was had, one of the arbitrators being absent from town, and another of them refusing to act.   Upon this evidence the presiding judge of the court of common pleas, *Mellen*, J ruled, that the action could not be sustained; and a verdict thereupon being taken for the defendant, the plaintiff excepted.

This case was heard and decided as of the September term, 1851.

*W. G. Bates*, for the plaintiff.

*G. Ashmun*, for the defendant.

By the Court.   Here was an inchoate attempt at arbitration which failed.   The Smiths met and made their appraisement, before the submission was reduced to writing.   When reduced to writing, that superseded the previous verbal agreement.   After being so reduced to writing, Mr. Morris gave his opinion on the question of law, and made his award for damages to be ascertained.   The previous agreement to refer to the Smiths, to appraise the damages, was waived by mutual consent, and other appraisers were appointed, who never acted.   The plaintiff has declared for the damages thus awarded by the Smiths, which was by mutual consent waived and rescinded, and no other appraisal was made.

*Exceptions overruled.*